## Commonwealth v. McDermott

*J. Wilson Ames*, district attorney, and *A. G. Rutherford*, for Commonwealth. *Simons & Brodie*, for defendant.

Swoyer, P. J., May 15, 1933.—It appears from the statements of counsel in this case, no testimony having been offered, that the defendant, Andrew McDermott, was arrested for the larceny of certain turkeys, alleged to be the property of one Fred Kane. At the preliminary hearing before N. C. Farnham, justice of the peace, the turkeys (61 in number) were marked for identification and by the justice placed in the hands of Fred Kane for safekeeping.

It further appears that some time later the said Fred Kane, apparently with the consent of the district attorney's office and without notice to the defendant and his counsel, sold 44 of the said turkeys, retaining 17 in his possession.

The defendant contends that ownership of the said turkeys (the said turkeys being claimed by both the prosecutor and the defendant) is the essential element of the case and that by the disposal of a certain number of them his case is prejudiced. He thereupon filed his petition in the said court, alleging this fact and praying that the case against him be dismissed and the indictment quashed, and it is upon this petition and the answer thereto that the matter is before the court.

### Opinion

We have several reasons for denying the prayer of the petition and discharging the rule thereon.

The first of these is that the matter, having entirely to do with evidence not as yet before the court, cannot be brought before the court at this time or in this manner. Objections to the admissibility of evidence must be raised at the trial and upon offer of the evidence.

The first reason for discharging the rule being in itself sufficient, it would be unnecessary to go further; nevertheless, other points having been raised, we will dispose of them in this opinion.

The petition includes a prayer that the indictment be quashed but does not allege any defect or fault in the indictment. We do not see how an indictment can be quashed for the reason alone that the defendant anticipates that he may be prejudiced by the loss of certain evidence upon which he relies for his defense, nor has any law authorizing such a procedure been cited to us. We would be compelled to refuse to quash the indictment for the reason assigned even if the proceedings were proper.

It is prayed that the case be dismissed because it is alleged that the defendant has been prejudiced by the loss of a certain portion of the evidence. We cannot see that the defendant is materially prejudiced by the loss of this evidence. Originally there were 61 turkeys; now there are 17. To convict the defendant of larceny it would be sufficient to show the theft by him of only 1 turkey, not the entire 61 nor the entire 17. Equally, the proof of ownership by the defendant of any number of the turkeys less than the whole number alleged to have been stolen would not be enough in itself to acquit the defendant. It therefore appears to us that the Commonwealth is the party prejudiced by the reduction in its chances of proving the theft of a turkey from 1 out of 61 to 1 out of 17, whereas the chances of the defendant are proportionately increased.

Therefore, considering the contentions of the defendant petitioner in their most favorable light, we are still compelled to refuse the prayer of the petition and to discharge the rule granted thereon.

From A. G. Rutherford, Honesdale, Pa.